

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-53,354-04

### EX PARTE ROBERT ALLEN GILMORE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 23784A-422 IN THE 422nd DISTRICT COURT
### FROM KAUFMAN COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while intoxicated and sentenced to forty years' imprisonment. No direct appeal was taken.

Applicant contends that prison officials are failing to credit him with all the pre-sentence jail time awarded in his judgment. Specifically, the Applicant alleges that he is being denied credit for the following periods set out in his judgment:

A. September 8, 2004 until September 10, 2008; and

B. March 10, 2005 until March 10, 2005.

In order to resolve Applicant's claim, on April 20, 2012, the trial court signed an order designating the following issue:

> Whether the Applicant's judgment accurately reflects the pre-trial credit due to him, and whether TDCJ's records accurately reflect the time awarded in the judgment.

The Applicant's writ was then forwarded to this Court, two years later, without any resolution of the issue designated by the trial court.

In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez,* 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit stating whether or not Applicant is receiving credit for the time periods set out on his judgment in this case. The affidavit should also indicate whether or not Applicant has submitted his claim to the time credit resolution system of TDCJ, and if so, the date when the claim was submitted.

The trial court may also order depositions, interrogatories or a hearing. In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant has properly exhausted his administrative remedies as required by TEX. GOV'T CODE § 501.0081(b)-(c). The trial court shall also make findings and conclusions as to whether Applicant is receiving

the proper amount of time credit.  The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues.  The issues shall be resolved within 90 days of this order.  A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall be obtained from this Court.

Filed: November 5, 2014
Do not publish